Mr. Goffman, we note that you've been appointed under the CJA and we appreciate your willingness to take the case. Thank you Honor, it's a privilege to Good morning, and may it please the court. In this case the district court erred By overruling the defendant's objection to a clearly improper Argument by the prosecutor during the rebuttal portion of the closing argument Prior to the jury being sworn in in this case, the parties jointly requested of the district judge and the district judge granted Exclusion of an individual, Mr. Paulos, goes by Tech Referred to in the record, from the courtroom The entire trial the defense advanced as one of the primary arguments a Misidentification defense based on the evidence that was actually presented at trial How long was Tech in the courtroom at all? Was was there a brief period of time during jury selection that he was there? Only during jury selection How long did that last? Was that when the entire panel was there waiting to be questioned? Yes, Your Honor. Do you know how long that that was approximately? A matter of minutes, Your Honor, if I had to To guess I was trial counsel I don't have an exact number, but it was during the portion of the proceedings where Approximately 40 potential jurors were sitting not only in the jury box, but throughout the gallery of the courtroom And that's where Tech, I'll refer to him as Tech because you did, but that's where he was sitting as well. Yes, Your Honor Before there was any... Let me ask you something. The government makes the argument they were sandbagged That they never knew this was going to be the defense. Was this discussed before pre-trial that this misidentification was a defense? Yes, Your Honor, and in fact the government actually in a pre-trial pleading Brought to the court's attention its anticipation that this would be the primary defense. That pre-trial pleading Was the government's essential warning to the court, for lack of a better way of putting it, that it intended to have the case agent Testify after these witnesses testified without identifying Mr. Coletta in the courtroom, the traditional in-court identification The government basically said we're going to ask the case agent to testify that these individuals previously several years before Identified Mr. Coletta in a six-person photo lineup. So the government knew that identification was going to be an issue furthermore Whether the government anticipated that, whether the government knew that, it was a completely fair and appropriate Argument for the defense to raise in closing argument based on the actual testimony that came out at trial The government's cooperating witness, Ms. Lewis Testified under oath that Mr. Palos Tech Regularly impersonated Mr. Coletta to customers of the tax preparation business that was at issue in the trial furthermore Ms. Lewis testified that customers routinely mixed up the two of them, that Mr. Coletta's name was on tax returns, that Ms. Lewis testified Tech prepared. So the idea that there might have been Misidentification was not only clearly based on the evidence In fact, there was a split verdict in this case and witness who's referred to as KH One of the the so-called taxpayer customer witnesses in the case Was actually asked by the defense by me on cross-examination You claim that Mr. Coletta is the person that prepared your tax return. Do you see that person anywhere here in the courtroom? And She actually stood up as I recall with the court's permission Looked around took some time and said that she didn't see the person who prepared her tax return anywhere in the courtroom Presumably, of course, we don't have insight into what was discussed during deliberations But presumably that was at least one of the significant bases for the count of acquittal in this case So the idea that this was a significant part of the defense and that the jury wasn't at least wholly buying what the government was Selling throughout this trial is far from a stretch. What about the I know you're kind of touching on this Which is why I'm asking the question the prejudice question. This is a fleeting reference There's no other prosecutorial or misconduct. The misconduct didn't touch on any other errors made by the district court and the evidence may not have been overwhelming, but it was strong because Your client wasn't convicted of that particular Instance or count but was convicted of another one who positively the client who positively identified him in the courtroom positively knew the difference between the two because Both he and tech had interacted with this particular client. So I guess my point is Let me know what you think about prejudice. Help me with that. Absolutely your honor. I think the prejudice was significant your honor in particular as a practical matter when the primary defense at trial Concerns an issue that for whatever reason the prosecutor chooses not to address in closing argument I spent a considerable amount of my time in closing argument arguing this defense at least successfully as to one of the counts and The prosecutor then in rebuttal makes an improper. I would not argue as a fleeting argument, but makes an improper argument I object timely to the improper argument the court overrules the objection and In this rebuttal portion the defense never has an opportunity to respond that's not only prejudice That's significant within the factual circumstances of this trial But I would direct this court to a plethora of cases in this court's precedent where the exact same scenario occurred Holmes Cannon Carter all of which are cited in our briefs every one of those there was a single statement You could argue in any one of those cases. It was a quote-unquote fleeting reference. That was Improper by any measure in the closing argument rebuttal portion by the prosecutor But when the court properly applied whether it was harmless beyond a reasonable doubt Which is more than just is there some argument that there's prejudice Then each of those decisions reversed the convictions on those grounds and so what is the standard we use here? harmless beyond a reasonable doubt your honor and For example to cannon and Johnson where the court this court Expressly said that that's the standard that it was applying harmless beyond a reasonable doubt I would also note the prosecution the government in its response brief in no way even attempts to argue that this was not harmless beyond A reasonable doubt and I think that that's significant We direct the court's attention in our brief and here at oral argument to the fact that this was burden shifting in some way There was an emphasis on counsel's Conduct counsel's argument as opposed to mr. Coletta's. These are not just creative arguments These are the factors that for example in Holmes this court looked to in determining that Saying that the defense lawyer when the prosecutor in Holmes, for example said the defense lawyer is a good lawyer But it's all smoke and mirrors Well, see I'm having you know It may well be that the the statement or the particular line of argument was was inappropriate improper misconduct But I'm having a really hard time with your burden shifting argument Can you point me to something and what in terms of what the prosecutor said that shifts the burden? Yes, your honor the argument that the prosecutor made and I quote verbatim Have you seen Coletta's twin in this courtroom this weekend or this week? Have you seen his twin and This was in response at least they argue to our argument that if you actually hear what miss Lewis Testified at trial if you hear about the testimony about customers mixing up. Mr. Coletta and tech then they looked very similar It's at least possible from a reasonable doubt standpoint If not likely that people mix the two of them up and then the prosecutor in closing argument basically says well Did you see the twin did you see essentially the defense proved that there was actually a twin? But that would have been a fine argument perhaps if it wasn't made in closing argument And I mean that particular point I mean if it wasn't accompanied by some of the other parts of it And so I don't I still don't hear where the burden of proof has been shifted I mean if they would have said for example They have not shown right the defense has not shown that they look alike or has you know Those types of things might shift the burden of proof, but I didn't hear any of those words in that particular statement I read the statement as saying the same thing But I appreciate that to the extent that a burden shifting argument has to be so explicit as to say the defense Didn't prove or the defense didn't show you or the defendant didn't testify or something along those lines Then I would agree that wasn't said I think in substance in the context of this argument In the same way that there was a burden shifting argument in some other cases that the court looks at that we cite in our brief There's essentially it's it's at least something that needs to be considered We don't win or lose this point on the burden shifting argument I believe that reversal and remand is necessary for a new trial because this was a clear violation of our clients constitutional rights To borrow a metaphor from the first argument of this day This was not even a situation where the cancer was carved out in other words by some sort of a curative instruction And that's particularly frustrating because we did timely object in a in the handful of cases where this court has not Actually reversed based on these kinds of improper arguments in rebuttal The court has pointed and in some instance even where the court has reversed but not fully based on these arguments There's always an attention to it was immediately Cured by a limiting instruction by the judge and in this case. We had the exact opposite which was judge objection improper argument the court overruled it then the prosecutor Continued down the same line of argument we would have never heard The jury would have never heard the follow-up of have you seen the twin in the courtroom? Have you seen any of these things which? Especially in the context of the case where the prosecutor clearly knew that this person this was not based on evidence and that this person Was excluded from the courtroom because it was requested and the judge ordered it at sidebar It's a particularly egregious argument Outside of reversal and I believe that this court should reverse on those grounds alone and not even touch the sentencing issue It's clearly erroneous for the court to apply to a four level sentencing enhancement How many how many participants do you concede were proven if assuming we get to the sentencing issue? At least two and I would go so far quite honestly your honor as conceding three and the reason why I would include tech I would include miss Lewis only for the purposes of the sentencing issue and one witness identified as CNN At the very least had testimony that the court would have concluded So three three in three in addition to your client. Yes, your honor, which still falls below the threshold five So they need one more. Yes, your honor So what about I'm just gonna ask you what I think the government's best theory is you have all of these folks signing the The tax return saying, you know, I've read this carefully all these all these statements are true But that's not it. And then you have them later testifying at least some of them testifying a trial that Yeah, those things were false. Not that I knew they were false. But yeah, those things are false. Why aren't those two things? Together enough to create an inference under a preponderance of the evidence data not beyond a reasonable doubt That they were they were also participants in the crime because it doesn't establish willfulness under cheek It's the highest specific intent standard your honor a violate an intentional violation of a known Legal duty having prosecuted and defended criminal tax cases for the last decade or so What I would submit to you is that it's never enough in these cases to basically say someone signed a tax return Therefore it's subject to the penalties of perjury juror at it's enough. They're guilty of a crime There's many more elements and the cheek standard is such a high standard that there just needs to be more I agree But then you have the yeah, they're false later at trial You don't know when they made that determination that they're false, but you do have that statement of trial There's absolutely nothing in the record that they said that they knew at the time I was committed that they were false. They say now if I'm if I'm asked was I a barber for example I remember the exact details. No, I wasn't a barber So I concede you they're saying there's incorrect items on the tax return that's not sufficient under the elements of section 7206 to Did they tested some testify they didn't know what was put on their tax returns Yes, your honor And we've incited each of their testimonies for the benefit of the court in both our reply brief and in our opening brief If I may reserve the remainder of my time for rebuttal Miss Collins Please the court Diana Collins for the United States on this matter. I'm Starting first with the statement that was made during Closing argument this court had a number of questions and I just want to just go ahead and address those with respect to the government's Trial brief and whether or not that we were put on notice that misidentification was going to be an issue throughout trial In our trial brief, we brought up the issue of identification not Misidentification what we said was that we believe because of the time period had been seven years that had passed Between the conduct and us bringing this to trial that we believe that some of the witnesses might have a hard time Identifying Coletta. We did not say that. We believe that people would identify Misidentify Coletta as Paulus And so what we asked for was for the case agent to be able to refer back to their identifications whether it was photo lineups Or identification at the time and this occurred in 2012 and 2013 So that was the issue of identification We never said prior to trial that we believed or understood That what the theory defense theory was going to be was that it was going to be a misidentification because if I knew at the time that defense counsel's theory was going to be that Paulus and Coletta look so much alike then I never would have agreed to exclude Coletta I'm sorry exclude Paulus from the courtroom when defense counsel asked me about it Were there was there anything in the government in the witness? Statements that the government took 302s about this Misidentification or the idea that some of the tax? payers had Had confused them or thought they looked alike. Was there anything in the pretrial discovery and investigation that Alerted the government to that judge. It was not. In fact, it was the contrary. There were numerous you city tax customers that said Positively, it was Coletta that performed my 2011 tax returns It was Paulus in that same year that took me to the check cashing place for me to cash my check and in the following Year, it was Paulus that prepared my fraudulent tax returns So there were numerous you city tax customers that knew the difference at that time Between Coletta and Paulus in addition to that defense counsel comments on co-defendant Lewis's testimony What she said and this is this was kind of exactly the context that I wanted to give because in reading the transcript code I'm not sure that it comes across the comment that was made during closing closing argument by defense counsel was that Lewis said during her testimony that people customers regularly Confused Paulus and Coletta that Paulus would Impersonate Coletta that Paulus would pretend to be Coletta. This was a clear mischaracterization of what Lewis's testimony was Even as defense counsel stood here today and said that that was what her testimony was. It was not I asked you to go to The trial transcript. It's the second a transcript for the day and it's approximately page 773 and what she says in this is there if someone came into the you city tax and Asked are called Paulus by a different name that he would not correct them That is different someone calling you by someone else's name and you fell in to correct them It's different from you asserting yourself as someone else and in that moment during closing argument. That is what I thought Should have used a different language, but that is what I sought to correct in that moment, but as we're here We need to ask ourselves What was the effect if any that it had on the jury and I believe that the standard is a harmless standard I don't believe that it's harmless beyond a constant beyond a reasonable doubt because I think those are issues that you use our standard You use when it's a constitutional issue I don't believe that I shifted the burden when I asked the question and rhetorically Have you seen aces twin in the courtroom? I don't believe it in saying that I put any burden on the defendant to do anything Perhaps I should have worded it differently, but I don't believe that I shifted the burden Well, I think the the probably the thing that's maybe most Concerning is the part where you say you've been paying attention all week Which implied he was in the courtroom all week, what about what about that and I in your honor I agree that I should have phrased that differently I agree with that. I appreciate you pointing that out and I agree that I should have phrased it differently But then I and then why did you keep digging the hole so to speak? Well, I think that when we look at the transcript, my comment was four lines of about a 16,000 line transcript I I don't think that I kept digging I think that immediately after I made that statement and it's about four lines. I Immediately began to cushion what I said I immediately as soon as that objection came through and I finished my thought I immediately said whoa Even if they do look alike and then I began to support what I had originally said That I should have said but I immediately began to support that and cushion that with facts that were in evidence So the fleeting comment that I made I tried to correct that Immediately by saying even if they do look alike Let's look at the evidence that that's on the record and then that's where I where I proceeded Well, and I also think this would have been different I mentioned opposing counsel that it could have been different had Testified had he not been prohibited from the courtroom had he testified then comparing their appearance. I think would have been Something that the jury certainly could have considered and you could have pointed out and in an oral argument if both were present in the Literally, I mean do you agree that it was minutes that that he was in the courtroom? I agree with that and that goes to the to the False argument that the government knew exactly what the defense counsel's argument was going to be about this identity issue because if I had known that I would not have agreed for Paulus not to be in the courtroom and I would have called him as a witness for the jury to be able to see Themselves what he looks like but you agree now, I mean that there's maybe you don't agree that it's misconduct But you agree that there's at least a problem with the way you state It could be misleading if you look at the plain words of what you said I agree with that Okay But I don't believe that it had an effect on the jury's verdict and I'm fair enough and I believe that because the government's evidence Was strong I believe that because I don't believe that it was a cumulative my statement had a cumulative effect the Holmes case That defense counsel points was a case your honor in which you wrote the opinion on that and that was a case in which the Defense counsel threw out the closing argument talked about smokes and mirrors and you said that you believe that that statement was an attack On the defense counsel's ethics. There was an attack on the defense counsel's character I did not do that You also and you also pointed in that case to the strength of the government's egg and evidence and it was somewhat weak It was a gun case and the question was how the gun appeared on the floor and so the government did not produce a witness that was able to Positively say the defendant had the gun and that's how it ended up on the on the on the floor in this case We presented Customer after customer that was able to say in the courtroom in 2018 that is Coletta and he was the person that That prepared my fraudulent tax returns how many how many did you present? We were able to present CM and she had absolutely no problem with identifying the difference between Coletta and Paulus We were able to identify our provide the testimony of EG Who was able to or who's known Coletta for years as a childhood friend and was able to say that is Coletta In 2018 during trial and able to say that is the person that performed are prepared by fraudulent tax returns We also provided testimony of three other witnesses There was able to at some point during the investigation Able to identify Coletta as the person that had prepared their fraudulent tax returns in addition to that There was the testimony of the co-defendant Mahoshi Lewis and what she testified to that that it was tech that taught her how to prepare the fraudulent tax return She had no prior History in preparing fraudulent tax returns at all and it was Coletta that taught her about Schedule C income earned income credits the American education credit and how you can play with those and I think you might have misspoke when you first when you first introduced that last argument You said tech taught her did both of them teacher. Okay, that was a mistake and I'm sure let it Coletta taught her Thank you. Thank you for that. It does seem though that the jury considered identification In there. Well, we don't know what they considered in their deliberations But given that there was a acquittal on account where identification was a problem And then a conviction on another count, I guess you can argue of both ways But it seems like one way you could argue it is no the identification issue is something that they must have been considering And so why doesn't that play into whether or not it might have been harmful to to the defendant because I think the jury got right the two individuals that they were able to stand up in the courtroom in 2018 and Those were the counts and the overt acts that the jury agreed with the individual that was unable to identify Coletta in the courtroom was the acquittal So the jury the jury understood that the people that can stand up and say yes That is that is Coletta and he was the person in 2018 I can identify him and in 2011 and 2012 and I can identify him Those were the accounts that the jury came back and found positive on the one where identification Was an issue the jury regardless of my statement during closing argument They acquitted on that. Well on the one that the evidence related to the count of acquittal. Was there any Was that witness examined on the difference on on the difference between Paulus and Coletta No, her testimony KHS testimony was that When she came to you city tax, all she could give was that an african-american man Prepared her tax returns So she didn't even know a name. She did not know a name and both I will submit both Paulus and Coletta appear to be african-american men Let me how long was the trial Four days, I believe and typically in my experience there's very few spectators maybe Not a good day ten. So if you're saying to the jury that This other individual was there the whole time and they've only seen eight or ten people every time they've walked in or out That's almost by way. It's almost testifying because you're saying obviously Nobody in this eight or ten that they passed every day over four days looked like Coletta I Mean that's pretty powerful testimony, isn't it? Judge? I agree with you You know Over and over I will agree with you that I should have rephrased that that I should not have said it the way that I Did but as we still come back to whether or not it had an effect on the jury's verdict And I just don't believe that it does because of the three factors that we have to consider the government strength of its evidence whether or not there was curative action and then the cumulative effect of the statement so if I can move to our the second issue that Defense Counsel brought up from the briefing is the Level enhancements the four level enhancement to specifically answer your question Judge Kelly about who the participants are You count it for there is the defendant. There's co-defendant Miyoshi Lewis, there's co-defendant Paulus There is also a CM that you identified, but I also want to direct this court's attention to Volume two of the jury transcript page 68 through 70 because that's my Miyoshi Lewis's testimony and she identifies an Unidentified co-conspirator that is another tax preparer at U City Tax by the name of Monica That prepared fraudulent tax returns that gets us to five in addition to that Miyoshi Lewis also identifies an unindicted customer She talks about her first week on the job and how she didn't know how to prepare tax returns And what she says is that it was Coletta that came over and explained to her if you put in this false information This is how you you can get your customers to have a higher refund Well on her first day a dancer came in who she knew Coletta came over Looked at the information and put information into the system to make this person's refund go up This person's response was I can go somewhere else and get a bigger refund Coletta then went into the system added more information to the credits and to the Income slot and said why are you happy now? And she says yes, that's better so she would get us actually to six without even taking into consideration what exactly the UCD customers that testified where their knowledge was. What do you think of the cut the UCD customers? I made an argument before and I was just I thought that was gonna be your primary argument I think I'm wrong about that But is that enough or do you agree with opposing counsel that there's not enough because there's no willfulness Well, I think I have willfulness on the six that I identified but but going forward and with the you city tax customers I think that Judge why it has the ability to To view and believe or not believe exactly what the what the customers are saying and so whether they whether they testify that they knew at the time of 2011 or 2012 that their conduct are that the tax returns were false Judge white may as may have disbelieved that and included them in the calculation as well Did he make what was there a particular factual finding? I guess that that comes in two parts Did you expressly identify the additional ones? I think there was an identification of its EM, correct? Correct, sir. Did you identify first? Did you identify anyone beyond that and secondly did did the district court make specific findings on which additional? Persons would be would be included for purposes of the enhancement. He did not and I believe that the judge white said something to the effect of I Listened to all of these customers and I heard what they said and so that that might be to the point of him not believing everything that the that the That the customer said about their knowledge at the at the time, but I took judge Kelly. I did not explicitly Specify who might who the five were but it's all in the record and you can obviously take that into consideration and so so your your Interpretation of what the district court said was because I've listened to those taxpayers therefore The implication is that's who he's including for the number in the Participants it could be or it could be him listening to Miyoshi Melissa's testimony pages 68 through 70 where she also identifies those Unidentified and but you didn't identify you didn't point those Point the district court to those two. I did not know. Thank you. Okay. Thank you. I Asked that you affirm. Thank you Thank Your Honor First of all, whether the government knew in advance of trial that Misidentification would be a defense at all much less a significant part of the defense is Immaterial. This was a four-day trial. There was nothing stopping the government from calling tech as a witness There was nothing stopping the government from introducing actual evidence of text physical attributes There was nothing stopping the government from introducing a photo of tech into evidence So the jury could consider it but they didn't instead the prosecutor Testified in Rebuttal at a time when we had no chance to respond and the testimony told the jury something that just wasn't true That's not harmless much less harmless beyond a reasonable doubt and harmless beyond a reasonable doubt is the standard. There's no question Misidentification and identification was an issue at this trial But I think the fact that we never had a chance to respond and that there was no curative instruction Collectively is very significant the Miss Collins pointed to Your majority opinion reversing on an improper argument in Holmes, Your Honor Judge Molloy in that case you use the phrase it was particularly disturbing that this was during the rebuttal portion and That was actually consistent with the cannon case, which was cited in the Holmes decision It is particularly disturbing because at that time what's really being conveyed to the jury is You guys should consider that tech was in the courtroom. He wasn't Objection. No, you shouldn't consider it and then the court saying overruled and then she continues to go to borrow a phrase Continue digging that hole what the jury is being told minutes before they go back and deliberate is that this is a fair argument That can and should be considered. The evidence was far from overwhelming. I would even say strong it's a split verdict unlike many of the other cases that we cite and Candidly as we lay out in our brief, there was a significant hard fight This was there's a reason this case went to trial and there's a reason the jury decided Essentially split verdicts and it was in large part at least likely based on Misidentification for this court to say on appeal that that's harmless beyond a reasonable doubt I think is really unjustified by the record Mr. Collette is entitled to his day in court and actually have a fair trial with that testimony from the prosecutor in closing Thank you counsel. Thank you to both counsel for your argument and your briefing and we'll take the matter under consideration